## Ex Parte J. J. HILL ON HABEAS CORPUS.

HABEAS CORPUS—RIGHT TO ISSUE WRIT. A State Court or Judge, duly authorized by the laws of the State, may issue the writ of habeas corpus in any case where a party is imprisoned within its territorial limits, provided it does not appear when the application is made that the person imprisoned is in custody under the authority of the United States.

DUTY OF OFFICER TO MAKE RETURN TO WRIT. It is the duty of any person having the custody of a prisoner to make known by a proper return to a Court or Judge issuing a writ of habeas corpus to him, the authority by which he holds such person in custody; and this duty applies to a United States Marshal in response to a writ from a State Court or Judge.

STATE COURTS NOT TO INTERFERE WITH JURISDICTION OF UNITED STATES COURTS. In every case where process regular upon its face has been issued from a United States Court having power to issue process of such a nature, the officer while acting thereunder is fully protected against any interference from a State Court; and such State Court, when judicially informed of the existence of the process, cannot go behind the same to make any further inquiry.

PRESUMPTIONS IN FAVOR OF PROCEEDINGS OF UNITED STATES DISTRICT COURT. A District Court of the United States has the power to find, through its grand jury, an indictment for any offense within its jurisdiction; and as to any matter

within such jurisdiction, it is not an inferior Court; and the presumptions are in favor of the regularity of its proceedings.

STATE JURISDICTION ON HABEAS CORPUS AS TO OFFENSES AGAINST THE UNITED STATES. A State Court or Judge cannot on habeas corpus examine or decide whether a particular offense charged in an indictment, found in a United States Court, is or is not an offense against the laws of the United States.

JUDICIAL NOTICE OF LAWS OF THE UNITED STATES. State Courts take judicial cognizance of the laws of the United States without formal proof of them, and are bound thereby.

THIS was an original proceeding before the Supreme Court. The facts are stated in the opinion.

By the Court, WHITMAN, J. :

The petitioner in this case alleges his illegal detention by R. V. Dey, United States Marshal for the District of Nevada, who makes return that he holds petitioner by virtue of a bench warrant issued from the District Court of the United States for said District, which warrant is made part of his return, as follows :

" UNITED STATES OF AMERICA, } ss.
        District of Nevada,        }

" To the Marshal of the United States of America for the District of Nevada, and to his deputies, or any or either of them—Greeting :

" Whereas, at a District Court of the United States of America, begun and held at Virginia City, Nevada, within and for the district aforesaid, on the first day of February, in the year of our Lord one thousand eight hundred and sixty-nine, the grand jurors in and for the said District of Nevada brought into the said Court a true bill of indictment against * * * J. J. Hill and * * charging them with the crime of a violation of the treaty between the Empire of China and the United States of America, as by the said indictment now remaining on file and of record in the said Court may more fully appear, to which indictment the said persons herein named have not yet appeared or pleaded :

" Now, therefore, you are hereby commanded, in the name of the President of the United States of America, to apprehend the said persons herein named, and bring them before the said Court at

the United States District Court Room in Virginia City, to answer the indictment aforesaid, on the thirty-first day of May, A.D. 1869, at eleven o'clock, A.M.; or, if they require it, that you take them before the Judge of the United States District Court, District of Nevada, or any Commissioner of the United States, within and for the District of Nevada, that they may give bail in the sum of one thousand dollars each to answer the said indictment.

"Witness the Hon. Alex. W. Baldwin, Judge of the said District Court thereof, at Virginia City, Nevada, this thirtieth day of April, A.D. 1869.

[L.S.]                         R. M. DAGGETT, Clerk."

It is conceded that upon the petition presented, this Court properly issued its writ, and the only contest arises upon the effect of the Marshal's return. Many varied and able decisions have been rendered on similar questions by State Courts, but it is unnecessary to review their arguments or the positions therein taken, from the fact that the Supreme Court of the United States has pronounced an authoritative rule upon the matter.

In the cases of *Ableman* v. *Booth* and *United States* v. *Booth*, (21 How. 506, considered together) after careful elaboration of reasoning upon the several provinces and powers of the State Courts and those of the United States, the conclusion deduced is thus summed up: "We do not question the authority of a State Court, or Judge, who is authorized by the laws of the State to issue the writ of habeas corpus, to issue it in any case where the party is imprisoned within its territorial limits, provided it does not appear when the application is made that the person imprisoned is in custody under the authority of the United States. The Court or Judge has a right to inquire in this mode of proceeding, for what cause and by what authority the prisoner is confined within the territorial limits of the State sovereignty. And it is the duty of the Marshal or other person having the custody of the prisoner, to make known to the Judge or Court, by a proper return, the authority by which he holds him in custody. This right to inquire by process of habeas corpus; and the duty of the officer to make a return, grows necessarily out of the complex character of our government; and the

existence of two distinct and separate sovereignties within the same territorial space—each of them restricted in its powers, and each within its sphere of action prescribed by the Constitution of the United States, independent of the other.  But after the return is made, and the State Judge or Court judicially apprized that the party is in custody under the authority of the United States, they can proceed no further.  They then know that the prisoner is within the dominion and jurisdiction of another government, and that neither the writ of habeas corpus, nor any other process issued under State authority, can pass over the line of division between the two sovereignties.  He is then within the dominion and exclusive jurisdiction of the United States.  If he has committed an offense against their laws, their tribunals alone can punish him.  If he is wrongfully imprisoned, their judicial tribunals can release him and afford him redress."

The only possible room for doubt as to the exact meaning of the quotation is as to the words " authority of the United States," which language is to some extent criticised in *Ex parte McCasey*, (Am. Law Rev., Jan. 1869, 347) ; but there would seem to be no opportunity to misunderstand its intention when the last sentence as above quoted is considered, or when the following language immediately connected is read : "And although, as we have said, it is the duty of the Marshal, or other person holding him, to make known by a proper return the authority under which he detains him, it is at the same time imperatively his duty to obey the process of the United States, to hold the prisoner in custody under it, and to refuse obedience to the mandate or process of any other government.  And consequently it is his duty not to take the prisoner, nor suffer him to be taken, before a State Judge or Court upon a habeas corpus issued under State authority.  No State Judge or Court, after they are judicially informed that the party is imprisoned under the authority of the United States, has any right to interfere with him, or require him to be brought before them. And if the authority of a State, in the form of judicial process or otherwise, should attempt to control the Marshal, or other authorized officer or agent of the United States, in any respect, in the custody of his prisoner, it would be his duty to resist it, and to call

to his aid any force that might be necessary to maintain the authority of law against illegal interference. No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the Court or Judge by whom it is issued ; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence."

To sustain its conclusions the Court must mean to say, that in every case where process, regular on its face, has been issued from a Court of the United States having power to issue process of such a nature, the officer acting thereunder is fully protected against any interference from a State Court, while so acting ; and that such Court, when judicially informed of the existence of the process, cannot go behind the same to make any further inquiry.

In the present case, it must be admitted that the United States District Court has full power to issue a bench warrant for the arrest of a party upon an indictment found by a grand jury regularly convened by such Court ; nor can it be denied that the process is good in form : but it is contended that it is void, for the reason that it is based upon and refers to an indictment formally found, but found for a pretended offense which is claimed to be no offense against any law of the United States—hence, it is demanded that this Court discharge the petitioner. But it does not follow that the failure to charge a statutory offense in an indictment renders the process issued thereon void ; and were that so, still to take the course requested would be to act in direct conflict with the principle of the cases cited.

A District Court of the United States has the lawful power to find, through its grand jury, an indictment for any offense within the jurisdiction of the District or Circuit Court ; exclusive power to try certain cases ; and concurrent jurisdiction with the Circuit Court, of all crimes and offenses against the United States, the punishment of which is not capital. Such Court, although limited in power, is not an inferior Court as to any matter within its jurisdiction ; and when its indictment has been found in any given case, the presumption is that it was so found within its jurisdictional scope ; and any attempt on the part of a State Court in a pro-

ceeding of this kind, to examine and decide the fact whether a particular offense charged is or not an offense against the laws of the United States, would be an usurpation of that very jurisdiction, which is exclusive in Courts of the United States, and an assumption of its vital premise. To such inquiry there is no limit: the impropriety rests not in the decision of the State Court, but in the undertaking. If in this case inquiry can be made, and examination had behind the process of which this Court has been judicially informed, it may in all.

If in this case a State Court could decide, that no law of the United States exists upon which an indictment can be based—in another it might, with equal propriety, hold that a law existent was unconstitutional, or that no proper grand jury had been assembled, or that the indictment did not well charge a recognized crime. In fact, the writ of habeas corpus would be turned into general or special demurrer to the proceedings of the Courts of the United States. Such is not its province; and a State Court goes out of its proper sphere, when it attempts to interfere with the action of an officer of the United States under judicial process, regular in form, issued upon the ordinary proceedings of a Court having jurisdiction of a class of offenses against the United States, of which the immediate crime charged is claimed, or purports, to be one.

All citizens of the United States are bound to know the laws thereof, and State Courts take judicial cognizance of such, without formal proof, and are " *bound thereby* "; but to decide whether any particular statute of the United States is or is not existent—or, if existent, valid or invalid—requires investigation and determination, the exercise of which, in a proceeding like the present as against the process of a Court of the United States, is not only uncalled for, but unwarranted—for the reason that such action is an absorption *in limine*, of the very question of the power, the right to decide which underlies and supports the entire jurisdiction of the Courts of the United States—which would be rendered powerless, if unable to decide this preliminary point without interference from State tribunals.

Our governmental theory recognizes separate and defined spheres for the United States and the several States, with all appropriate

incidents—judicial and others.  Any improper interference or encroachment by one upon another serves to weaken all.

Under the law as stated in the cases cited, and from the return of the Marshal in this, it appears that the petitioner is in his custody under the authority of the United States.  This Court can, therefore, proceed no further, and the Marshal must retain his prisoner.  It is so ordered.

JOHNSON, J., did not participate in the foregoing decision.